## COMPETENCY OF EVIDENCE IN MALICIOUS PROSECUTION PROCEEDINGS.

Circuit Court of Cuyahoga County.

### WILLIAM SCHULTZ, A MINOR, V. THE BALTIMORE & OHIO RAILROAD COMPANY.*

Decided, December 22, 1905.

*Evidence—Malicious Prosecution—Witness May Tell of Evidence in Magistrates Courts.*

In an action for malicious prosecution founded upon a criminal proceeding before a magistrate, it is competent to prove by any competent witness who was present that no evidence in support of the criminal charge was offered or given by defendant.

*Herman Preusser*, for plaintiff in error.

*Kline, Tolles & Goff*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The action below was for malicious prosecution, and the court directed a verdict for defendant.

Schultz and one Joe Bierce were arrested for stealing, on warrants issued from the police court pursuant to an affidavit made by the railroad company's detective, one Haley Wilson. When Schultz's case was called for trial, a *nolle prosequi* was entered.

Thereupon he sued the railroad company for damages. On the trial of the latter cause he sought to show no evidence had been offered against him in police court. J. W. Sykora, Esq., a bystander in that court, and a witness for plaintiff in the court of common pleas, was asked on direct examination "What if any evidence was offered by Haley Wilson in police court to support the charges made against William Schultz?" and "who testified against Mr. Schultz?" The witness answered that "Wilson tried to testify what he heard from Joe Bierce, and he

*Reversed, *B. & O. Railway Co.* v. *Schultz*, 76 Ohio State, 627.

was stopped; no other evidence was, as to Schultz, then given or offered," and that "no one testified against him." On motion of the defendant, these answers were taken from the jury's consideration, upon the theory that Wilson had in fact testified and that the witness Sykora could not be heard to explain or detail what that testimony amounted to. We think this was error under the rule of *John* v. *Bridgman,* 27 Ohio State, 22. In that case the court said by Whitman, J., at pages 39 and 40:

"But it is supposed that it was error to allow the testimony of Eury, who said 'there was nothing in the testimony of John John to implicate Elizabeth Bridgman;' and of Thomas Bridgman, who said 'that there was no testimony to implicate her that he heard of.' And it is claimed that this was testifying as to the effect of the evidence. We do not so understand it. It was only a form of words by which the witnesses meant to say that they heard no testimony, or that there was no testimony given, against Elizabeth Bridgman. But while we think that the testimony to prove that no evidence was given before the magistrate, in support of the charge by the defendant below, clearly competent." * * *

The similar testimony excluded, in the case before us, tended to prove want of probable cause and had some slight tendency also to show that the prosecution had been maliciously instigated. On this the plaintiff should have been allowed to go to the jury. For error in excluding this evidence and in directing a verdict for defendant, the judgment below is reversed and the cause remanded.